UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMILY YATES, | CASE NO. C22-1518-KKE |
| Plaintiff(s), | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| NORTHWEST BARRICADE AND SIGNS, et al., | |
| Defendant(s). | |

Plaintiff requests reconsideration of the Court's oral ruling granting Defendants' motion to exclude the opinions, testimony, and report of expert Eric Knowles, arguing that the Court erred in granting the motion without explicitly finding that Plaintiff's untimely disclosure of Knowles' report was not substantially justified or harmless, under Federal Rule of Civil Procedure 37. Dkt. No. 82. To the extent that these findings were not contained in the Court's oral ruling, the Court takes this opportunity to explicitly find in writing that Plaintiff's untimely disclosure was not substantially justified or harmless, and therefore the Court will not reconsider its order granting Defendants' motion to exclude.

In her opposition to Defendants' motion to exclude (Dkt. No. 37), Plaintiff explains why her disclosure was untimely, stating that it was not clear earlier whether expert opinion was needed on this topic and because Defendants delayed in providing discovery responses that could have helped her decide earlier. *See* Dkt. No. 40 at 2–3, Dkt No. 41. Plaintiff did not timely seek any

relief from the Court related to those concerns, and instead did not disclose Knowles' report until Defendants noted, nearly two months after the expert disclosure deadline had passed, that his report had not been provided.  *See* Dkt. Nos. 38-1, 38-2.  The timeline of Plaintiff's actions on this issue does not indicate that her untimely disclosure of Knowles' report was substantially justified.

And although Plaintiff appears to believe that her untimely disclosure is harmless because any prejudice resulting from the untimely disclosure could have been cured via adjustments to the case schedule (Dkt. No. 40 at 5), that argument assumes that the Court would find good cause to grant an extension.  An impact of this nature is not harmless, as the Ninth Circuit has explained:

> If [plaintiff] had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well.  Disruption to the schedule of the court and other parties in that manner is not harmless.  Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  The Court is not inclined to disrupt the case schedule for this purpose, and finds no good reason to do so.

Because Plaintiff has not shown that the Court erred in granting Defendants' motion to exclude under Rule 37, the Court DENIES Plaintiff's motion for reconsideration (Dkt. No. 82). *See* Local Rules W.D. Wash. LCR 7(h) ("The court will ordinarily deny [motions for reconsideration] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

Dated this 22nd day of July, 2024.

Kymberly K. Evanson
United States District Judge